IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| KATHY DENTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) JURY DEMAND |
| NEW YORK LIFE INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## NOTICE OF REMOVAL

Defendant New York Life Insurance Company ("NYLIC" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the Circuit Court of Sequatchie County, Tennessee at Dunlap, to the United States District Court for the Eastern District of Tennessee, Chattanooga Division[1]. In support of the removal, Defendant respectfully states as follows:

1. Plaintiff filed a Complaint (the "Complaint" or "Compl.") against Defendant in the Circuit Court for Sequatchie County, Tennessee, Case No. 2018CV33, on March 28, 2018 (the "Action"). Plaintiff contents that on or about September 8, 2016, Decedent completed a form titled Member Enrollment Form Request for Group Insurance and that Decedent required $75,000.00 in life insurance coverage and designated Plaintiff as the sole beneficiary and that Decedent signed the form electronically and submitted it via an on-line application. (Compl. ¶ 3). Plaintiff alleges that on November 11, 2016, Decedent passed away as

---

[1] By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available under state or federal law.  Defendant expressly reserves the right to move for dismissal of some or all of the Plaintiffs' claims and/or seek dismissal based on lack of personal jurisdiction, improper venue, and/or the doctrine of *forum non conveniens*.

1

a direct result of lung cancer. (Compl. ¶ 8). Plaintiff further alleges that a short time after Decedent's death, Plaintiff submitted a claim for benefits to Defendant pursuant to Decedents life insurance policy with Defendant and that on or about March 29, 2017 Defendant denied Plaintiff's claim based on an allegation that Decent has misstated material facts concerning his medical history by responding "no" to questions 1 and 3 on the Enrollment Form. (Compl. ¶ 9, 10). Plaintiff alleges that as a direct result of Defendant's "breach of contract", Plaintiff has suffered damages which include, but are not necessarily limited to, $75,000.00 as the value of the life insurance policy, pre-judgement interest, costs, and fees, to include reasonable attorney's fees, and that Defendant should be further assessed an additional 25% of Plaintiff's losses and seeks treble damages. (Compl. ¶ 23, 29-30, 35).

2. The Summons and Complaint in the Action were accepted by the Tennessee Department of Commerce and Insurance on April 9, 2018 (*See* notification letter dated April 10, 2018 filed herewith as **Exhibit A**). True and correct copies of the Summons, the Complaint, and all process, pleadings, orders and other papers or exhibits of every kind on file in the state court are attached to this Notice of Removal as **Exhibit B**, as required by 28 U.S.C. § 1446(a).

3. At the time of filing the Complaint, Plaintiff was a citizen and resident of Sequatchie County, Tennessee. (Compl. ¶ 1).

4. Defendant NYLIC is a New York corporation and its principal place of business is located at 51 Madison Avenue, New York, NY.

5. In accordance with 28 U.S.C. 1446(b), and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-57, 119 S. Ct. 1322, 1328-30 (1999) (30-day removal period begins to run when defendant is served formally), Defendant is filing this Notice of Removal within thirty (30) days of service of the Summons and Complaint in the Action.

6. This Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the jurisdictional minimum of $75,000, and this action is between citizens of different states. Thus, this case is properly removable pursuant to 28 U.S.C. § 1441, *et seq.*

7. Pursuant to 28 U.S.C. § 1446(d), Plaintiff will be served with written notice of removal, and a copy of this Notice of Removal will be filed contemporaneously with the Circuit Court for Sequatchie County, Tennessee, at Dunlap. A true and correct copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit C**.

8. Based on the foregoing, Defendant respectfully requests that the United States District Court for the Eastern District of Tennessee, Chattanooga Division, accept this Notice of Removal and assume jurisdiction of this cause and issue such further orders and processes as may be necessary to bring before it all parties necessary.

9. No admission of fact, law, liability, or damages is intended by this Notice of Removal, and all defenses, objections and motions are hereby reserved, including but not limited to all objections and defenses under Rule 12(b) of the Federal Rules of Civil Procedure or any other rules which are or will be applicable to the Action.

WHEREFORE, Defendant New York Life Insurance Company hereby gives notice that the above-described action now pending against it in the Circuit Court for Sequatchie County, Tennessee, at Dunlap, has been removed therefrom to this Court.

Dated this 8th day of May, 2018.

> Respectfully submitted,
>
> BAKER, DONELSON, BEARMAN,
> CALDWELL & BERKOWITZ, P.C.
>
> By: s/Clarence Risin
> Clarence Risin (BPR No. 16874)
> 211 Commerce Street, Suite 800
> Nashville, Tennessee 37201
> Telephone: (615) 726-5600
> crisin@bakerdonelson.com
>
> *Attorney for New York Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing NOTICE OF REMOVAL was served upon counsel listed below via facsimile, and by placing a copy of same in the United States Mail, postage prepaid, on this 8th day of May, 2018:

Samuel F. Hudson, Esq.
Law Office of Samuel F. Hudson
15688 Rankin Avenue
P.O. Box 485
Dunlap, Tennessee 37327
Phone: (423) 949-7900
Facsimile: (423) 949-9100

*Attorney for Plaintiff*

> s/Clarence Risin
> Clarence Risin