# EXHIBIT B

# State of Tennessee
## In the Circuit Court of Sequatchie County

| KATHY DENTON | |
|---|---|
| | **Plaintiff** |
| | No. 2018CV33 |
| NEW YORK LIFE INSURANCE COMPANY | |
| | **Defendant** |

I, KAREN L. MILLSAPS, CLERK OF THE CIRCUIT & SESSIONS COURTS OF SEQUATCHIE COUNTY, TENNESSEE CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THIS ORIGINAL DOCUMENT FILED IN THIS OFFICE.

THIS 28 DAY OF March, 2018

( ) CLERK  (X) DEPUTY CLERK

# SUMMONS

| TO: | New York Life Insurance Company – 51 Madison Avenue, New York, NY 10010-1603- c/o Commissioner of Insurance for the State of Tennessee | 500 James Robertson Parkway, Nashville, TN 37243-1131 |
|---|---|---|
| | Defendant | Address |
| | Defendant | Address |
| | Defendant | Address |

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Sequatchie County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Sequatchie County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this 28 day of March, 2018

**CIRCUIT COURT OF SEQUATCHIE COUNTY**
351 Fredonia Road, Suite B
Dunlap, TN 37327

(423) 949-2618

Karen L. Millsaps, Circuit Court Clerk

By _Cynthia Hobbs_
Deputy Circuit Court Clerk

Attorneys for Plaintiff **Samuel F. Hudson, Esq.**

P.O. Box 485, Dunlap, TN 37327
Address

Plaintiff's Address **See Attorney's Address**

Received this _____ day of _____, 2018

/S/ _____
Deputy Sheriff

ADA COORDINATOR, KAREN MILLSAPS (423)949-2618



I, KAREN L. MILLSAPS, CLERK OF TH[E] CIRCUIT & SESSIONS COURTS OF SEQUATCHIE COUNTY, TENNESSEE CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THIS ORIGINAL DOCUMENT FILED IN THIS OFFICE.

THIS 28 DAY OF March, 2018

( ) CLERK  (✓) DEPUTY CLERK

IN THE 12TH JUDICIAL DISTRICT OF TENNESSEE
CIRCUIT COURT OF SEQUATCHIE COUNTY

| | |
|---|---|
| KATHY DENTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW YORK LIFE INSURANCE )<br>COMPANY, )<br>)<br>Defendant. ) | NO. 2018CV33<br>JURY DEMAND<br>FILED<br>DATE 3-28-18<br>*Circuit Court*<br>*Sequatchie Co., TN*<br>*Karen L. Millsaps, Clerk* |

## COMPLAINT

Comes now Plaintiff, KATHY A. DENTON (hereinafter "Plaintiff"), by and through the undersigned counsel, and in support of her Complaint against Defendant, NEW YORK LIFE INSURANCE COMPANY (hereinafter "Defendant"), asserts as follows:

1. Plaintiff is an adult citizen and resident of Sequatchie County, Tennessee, and she is the surviving widow of John Edward Denton (hereinafter "Decedent") who died on November 11, 2016. At all times relevant herein, Decedent was also a citizen and resident of Sequatchie County, Tennessee.

2. Defendant is a foreign insurance company doing business in this state. As such, Defendant may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance.

3. On or about September 8, 2016, Decedent completed a form titled Member Enrollment Form Request for Group Insurance (hereinafter "Enrollment Form")(a copy of which is attached hereto as Exhibit A). On said Enrollment Form, Decedent required $75,000.00 in life insurance coverage and designated Plaintiff as the sole beneficiary. Decedent signed the form electronically and submitted it via an on-line application.

4. Decedent was physically located in Tennessee when he completed and submitted the Enrollment Form.

5.  The Enrollment Form contained a section titled, "B. Statement of Health," which required Decedent to respond "yes" or "no" to the three (3) questions regarding Decedent's health. Decedent truthfully answered "NO" to all three (3) questions, but only the following two (2) questions are pertinent to this lawsuit:

> "1. In the past 2 years, have you had treatment or medication for or been diagnosed as having heart trouble, stroke, cancer, lung disease, diabetes requiring insulin, liver or kidney disease, AIDS, AIDS related Complex, or immune system disorder?"

> "3. In the past 3 months, have you consulted a doctor or had treatment, medication or diagnostic tests of any type?"

6.  On or about October 14, 2016, Defendant issued and delivered to Decedent a Certificate of insurance coverage indicating that Defendant had issued an insurance policy insuring Decedent's life as of that date for $75,000.00, with Plaintiff designated as the sole beneficiary of said insurance policy. The Policy Number as AA-66, and the Certificate Number was A8742237. A copy of the Certificate is attached hereto as Exhibit B.

7.  On October 1, 2016, approximately one (1) month after Decedent had completed and submitted the Enrollment Form to Defendant, Decedent was diagnosed with small cell cancer of the lung. Prior to this diagnosis, Decedent had received no other diagnosis of cardiac or pulmonary disease.

8.  On November 11, 2016, Decedent passed away as a direct result of lung cancer. A copy of Decedent's death certificate is attached hereto as Exhibit C.

9.  A short time after Decedent's death, Plaintiff submitted a claim for benefits to Defendant pursuant to Decedent's life insurance policy with Defendant.

10.  On or about March 29, 2017, Defendant mailed a written response to Plaintiff in which it denied Plaintiff's claim based on an allegation that Decedent had misstated material facts concerning his medical history by responding "no" to questions 1 and 3 on the Enrollment Form as previously set forth in paragraph 5 herein. As a result of said allegation, Defendant rescinded Decedent's policy and issued a refund to Plaintiff for any premiums paid toward the policy prior to Decedent's death.

11. Following her receipt of Defendant's correspondence dated March 29, 2017, Plaintiff subsequently submitted a letter to Defendant from Decedent's treating physician, Dr. Paul L. Dassow, who treated Decedent from 2011 through his death in 2016. Dr. Dassow's letter explicitly stated that Decedent had not received any diagnosis of cardiac or pulmonary disease prior to October 1, 2016, and that Decedent "had no significant symptoms of cardiac or pulmonary disease at the time that he obtained his life insurance policy." A copy of Dr. Dassow's letter is attached hereto as Exhibit D.

12. In response to the letter from Dr. Dassow, Defendant again responded in writing to Plaintiff on or about May 16, 2017. In said response, Defendant stated that Plaintiff's claim was not denied due to Decedent's lung cancer. Rather Defendant denied the claim due to Decedent's medial history which included diabetes, hypertension, hyperlipidemia, chronic pulmonary disease and sleep apnea. Defendant also claimed that Decedent underwent diagnostic testing within the prior three (3) months to submitting the Enrollment Form. As such, Defendant reasserted its intent to rescind Decedent's life insurance policy and refund any premiums that Decedent had paid toward the policy.

13. When completing the Enrollment Form, Decedent did not misstate any material facts regarding his medical history, nor did he fail to provide pertinent medical information at the time he completed and submitted the Enrollment Form.

14. When compared to the pertinent questions asked of Decedent on the Enrollment Form as previously stated herein, Defendant wrongfully denied Plaintiff's claim based on an incorrect, inaccurate and false restatement and interpretation of Decedent's relevant medical history.

15. Defendant has in bad faith wrongfully denied Plaintiff's claim.

## COUNT I – DECLARATORY JUDGMENT

16. Based on the foregoing, there is a dispute between Plaintiff and Defendant as to whether Decedent misstated material facts regarding his health history when completing and submitting the Enrollment Form.

3

17. There is also a dispute between Plaintiff and Defendant as to whether Defendant is entitled to rescind Decedent's life insurance policy and avoid paying Plaintiff the value of said policy.

18. The Court should settle the aforementioned disputes between the parties.

19. The costs of this matter should be assessed against Defendant pursuant to *T.C.A.* § 29-14-111.

### COUNT II – BREACH OF CONTRACT

20. Defendant's agreement to insure Decedent's life by means of a life insurance policy constitutes an enforceable contract between Decedent and Defendant.

21. Plaintiff, as the sole beneficiary of the life insurance policy between Decedent and Defendant, is a third-party beneficiary of the policy/contract.

22. Defendant's wrongful refusal to pay Plaintiff $75,000.00 upon Decedent's death constitutes a material breach of the aforementioned contract.

23. As a direct result of Defendant's breach of the contract, Plaintiff has suffered damages which included, but are not necessarily limited to, $75,000.00 as the value of the life insurance policy, pre-judgement interest, costs, and fees, to include reasonable attorney's fees.

24. Defendant is responsible for Plaintiff's aforementioned damages.

### COUNT III – BAD FAITH REFUSAL TO PAY

25. By its terms, Defendant's policy insuring Decedent's life has become due and payable.

26. Plaintiff has made a formal demand to Defendant for payment of her claim under Defendant's policy.

27. More than 60 days have passed from the time Plaintiff made her formal demand to Defendant for payment of her claim under Defendant's policy and the filing of this Complaint.

28. Defendant's refusal to pay Plaintiff in accordance with the express terms of the policy has not been in good faith.

29. Based on Defendant's bad faith in timely paying Plaintiff pursuant to the terms of the aforementioned life insurance policy, Plaintiff should be awarded $75,000.00, plus interest, against Defendant, plus an award for any other damages

suffered by Plaintiff as a result of Defendant's bad faith failure to pay Plaintiff's claim, to include Plaintiff's reasonable attorney's fees.

30. Defendant should further be assessed an additional 25% of Plaintiff's aforementioned losses pursuant to *T.C.A.* § 56-7-105(a).

**COUNT IV – VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT**

31. Defendant's alleged justification for failing to pay Plaintiff's claim pursuant to Defendant's own policy was based on an incorrect, inaccurate and false restatement and interpretation of Decedent's relevant medical history as said history related to the relevant questions on the Enrollment Form completed and submitted by Decedent.

32. Based on Defendant's incorrect, inaccurate and false restatement and interpretation of Decedent's relevant medical history, it is clear that Defendant never had any intention to pay any claim arising from Decedent's death.

33. Based on Defendant's aforementioned conduct, it is clear that Defendant advertised the life insurance policy with no intent to ever pay a claim on the policy as advertised.

34. Defendant's aforementioned conduct violated the *Tennessee Consumer Protection Act (TCPA)*, *T.C.A.* § 47-18-104(b)(9).

35. Based on Defendant's violation of the TCPA, Plaintiff should be awarded a judgment against Defendant for three (3) times her actual damages pursuant to *T.C.A.* § 47-18-109(a)(3).

**WHEREFORE, ALL PREMISES CONSIDERED,** Plaintiff respectfully prays for the following relief:

(a) That she be allowed to file this Complaint and that proper process be issued and served upon the Defendant through the Commissioner of the Tennessee Department of Commerce and Insurance requiring Defendant to appear and answer within thirty (30) days of receipt of the Summons and copy of this Complaint, but not under oath, the oath being expressly waived;

(b) That this Honorable Court enter a judgment declaring that Defendant is not entitled to rescind the life insurance policy insuring Decedent's life and requiring Defendant to pay Plaintiff's claim pursuant to said policy;

(c) That a jury be impaneled to consider all triable issues in this matter;

(d) That following a trial in this matter, Defendant be found to have materially breached the terms of its life insurance policy/contract with Decedent and Plaintiff;

(e) That following a trial in this matter, Defendant be found to have refused to pay Plaintiff's claim in bad faith;

(f) That following a trial in this matter, Defendant be found to have violated the *TCPA* as alleged herein;

(g) That Plaintiff be awarded a judgment against Defendant in the amount of $75,000, plus pre- and post-judgment interest, for Defendant's material breach of contract;

(h) That Plaintiff also be awarded all her damages suffered as a result of Defendant's bad faith refusal to pay her claim, to include her reasonable attorney's fees, plus an additional 25% of her damages pursuant to *T.C.A.* § 56-7-105(a);

(i) That Plaintiff also be awarded treble damages for Defendant's violation of the *TCPA*;

(j) That all costs of this matter, to include Plaintiff's reasonable attorney's fees (if not awarded pursuant to a finding of bad faith), be assessed against Defendant;

(k) For any other general relief to which Plaintiff may be entitled.

Respectfully Submitted,

**LAW OFFICE OF SAMUEL F. HUDSON**

BY: _____
SAMUEL F. HUDSON, TNBPR # 022852
*Attorney for Plaintiff*
P.O. Box 485
Dunlap, TN 37327
PH: (423) 949-7900 / FX: (423) 949-9100

## COST BOND

The undersigned is surety for the costs of this cause, not to exceed five hundred ($500.00) Dollars.

_____
Samuel F. Hudson

7

| ☒ I'm already an AARP member. | ☐ I want to become an AARP member. I understand I will be billed $16.00 for a full year of membership. | M000592878 |
|---|---|---|

# MEMBER ENROLLMENT FORM
*Request for Group Insurance • AARP Level Benefit Term Life*



AARP | Life Insurance Program from New York Life

New York Life Insurance Company
5505 West Cypress • Tampa, FL 33607-1707

## MEMBER ENROLLMENT

**john**      **denton**
First Name    Middle    Last Name

**358 Holly Trail**
Address

**Dunlap**    **TN**    **37327**
City    State    Zip

Social Security No. [REDACTED] - 8 7 5 7 (Required)

Date of Birth [REDACTED] 1950 (Required)

☒ Male ☐ Female

Daytime Phone Number ( 423 ) 949-5280

Email Address kadenton57@gmail.com

**Coverage Amount Requested**
☐ $10,000 ☐ $25,000 ☐ $50,000 ☒ $75,000 ☐ $100,000 ☐ Other $_____

**Beneficiary Designation** (If More Than One Beneficiary Is Designated, Proceeds Will Be Divided Equally Unless You Indicate A Share)

| kathy denton | Spouse | 100% | | | |
|---|---|---|---|---|---|
| Beneficiary Name | Relationship To You | Share | Beneficiary Name | Relationship To You | Share |

## A. PAYMENT

☒ SEND NO MONEY NOW. PAYMENT WILL BE BILLED MONTHLY.
☐ I WANT PREMIUMS TO BE DEDUCTED FROM MY BANK ACCOUNT EACH MONTH.

Account Holder: _____    Routing Number: _____    Account Number: _____

I authorize New York Life to deduct premiums from my account.

X _____    __/__/__

**AUTHORIZATION ELECTRONICALLY SIGNED** Applicant (Account Holder) Signature    Date

## B. STATEMENT OF HEALTH

1. In the past 2 years, have you had treatment or medication for or been diagnosed by a doctor as having heart trouble, stroke, cancer, lung disease, diabetes requiring insulin, liver or kidney disease, AIDS, AIDS Related Complex, or immune system disorder? .......... ☐ YES ☒ NO
2. In the past 2 years, for any condition, have you been admitted to or confined in a hospital, nursing home, extended care or special treatment facility? .......... ☐ YES ☒ NO
3. In the past 3 months, have you consulted a doctor or had treatment, medication or diagnostic tests of any type? (Note: You are not required to report negative AIDS or HIV tests.) .......... ☐ YES ☒ NO

Please supply full details for health questions answered "Yes." List date(s) of onset below, along with types of treatment, medicine and dosage.

_____
_____
_____
_____
_____

## C. READ AND SIGN

Is the insurance applied for intended to replace, discontinue or change any existing insurance or annuity? .......... ☐ YES ☒ NO

I understand that insurance will be effective on the date of the certificate, provided my premium is received within 31 days of such Insurance Date. I understand that premium payment for insurance does not mean there is any coverage in force before the effective date as specified by New York Life ("NYL"). If material facts have been misstated here, benefits may be denied if the insured's death occurs within the first two years after the Insurance Date. I understand that AARP membership is required for Program eligibility. I represent that, to the best of my knowledge and belief, the information on this request is true and complete. Note: It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines or a denial of insurance benefits.

I authorize any physician, hospital, health care provider, pharmacy, pharmacy benefit manager or medical information retrieval service to release my medical information and my prescription drug history to NYL to determine my eligibility for life insurance. This information may be subject to further disclosure as required by law and may no longer be protected by the rules governing this authorization. I may revoke this authorization at any time by notifying NYL in writing, at the address on this form, except to the extent that NYL has collected information or taken action in reliance on it. This authorization may be used for 3 months from the date signed below unless revoked. This authorization must be signed and dated as a condition of obtaining this insurance. I will receive a copy of this authorization.

X john denton                     9 / 8 / 2016
**APPLICATION ELECTRONICALLY SIGNED**    Date
Form GPA-A3 (1)-CF

ZD7Z0Z



EXHIBIT A



CERTIFICATE

New York Life Insurance Company
51 Madison Avenue, New York, NY 10010

## AARP LEVEL BENEFIT TERM LIFE
### (GROUP LEVEL BENEFIT TERM LIFE INSURANCE)
(To AGE 80 With Increasing Premiums)

DEFINED TERMS ARE ALL CAPITALIZED. PLEASE REFER TO THE DEFINITIONS SECTION.

| | |
|---|---|
| POLICYHOLDER | TRUSTEE OF THE AARP LIFE INSURANCE TRUST |
| POLICY NUMBER | AA-66 (the "POLICY") |

WE certify that the INSURED becomes insured on the INSURANCE DATE stated below on the Individual Schedule Of Benefits if the initial PREMIUM is paid no later than 31 days after the INSURANCE DATE. Insurance is subject to: (a) the Suicide Limitation; (b) the terms and conditions of the POLICY; and (c) OUR underwriting requirements.

### INDIVIDUAL SCHEDULE OF BENEFITS

| | |
|---|---|
| CERTIFICATE NUMBER | A8742237 |
| INSURED MEMBER | John Denton |
| ADDRESS | 358 Holly Trail<br>Dunlap, TN 37327 |
| DATE OF BIRTH | ■■■■ 1950 |
| AGE AT ISSUE | 65 |
| SEX | Male |
| INSURANCE DATE | 10-14-2016 |
| AMOUNT OF INSURANCE | $75,000 |
| BENEFICIARY | First Beneficiary - Kathy Denton 100% |

| | |
|---|---|
| RIGHT TO EXAMINE THE CERTIFICATE FOR 30 DAYS | The OWNER will have 30 days from the date of receipt to examine the Certificate. If the OWNER does not wish to keep the Certificate, it must be surrendered to US within this period. Upon such surrender, WE will return any PREMIUM paid and insurance will be void from the start. |

This Certificate replaces all Certificates and Certificate Riders, if any, previously issued under the above Certificate Number.

PREMIUM WILL INCREASE IN FIVE YEAR AGE BANDS. SEE PREMIUM ON IMPORTANT NOTICE PAGE.

*Susan A. Thigpe*
Secretary

*John K...*
President

AA-66/CERT
GMR-FACE, GMR-C-SCH

EXHIBIT
B

# STATE OF TENNESSEE
## Office of Vital Records

### TENNESSEE DEPARTMENT OF HEALTH
### CERTIFICATE OF DEATH

STATE FILE NUMBER: 3VA+10

**DECEDENT**

1. DECEDENT'S LEGAL NAME (First, Middle, Last, Suffix): John Edward Denton
2. SEX: Male
3. DATE OF DEATH (Month, Day, Year): November 11, 2016
4. TIME OF DEATH (Approx.): 11:35 pm
5a. AGE-Last Birthday (Years): 66
6. DATE OF BIRTH (Month, Day, Year): [redacted] 1950
7. BIRTHPLACE (City and State or Foreign Country): Dunedin, Florida

6a. PLACE OF DEATH: Hospice facility (X)
6b. FACILITY NAME: Hospice of Chatta. - Walker Road Facility
6c. CITY OR TOWN: Chattanooga
6d. COUNTY OF DEATH: Hamilton

9. MARITAL STATUS: Married (X)
10. SURVIVING SPOUSE: Kathy Ann Berberette
11a. DECEDENT'S USUAL OCCUPATION: Bridge Inspector
11b. KIND OF BUSINESS/INDUSTRY: Department of Transportation

12. SOCIAL SECURITY NUMBER: [redacted]3757
13a. RESIDENCE-STATE: Tennessee
13b. COUNTY: Sequatchie
13c. CITY OR TOWN: Dunlap
13d. STREET AND NUMBER: 358 Holly Trail
13e. INSIDE CITY LIMITS: No (X)
13f. ZIP CODE: 37327
14. WAS DECEDENT EVER IN US ARMED FORCES?: Yes (X)

15. DECEDENT'S EDUCATION: High school graduate or GED completed (X)
16. DECEDENT OF HISPANIC ORIGIN?: No, not Spanish/Hispanic/Latino (X)
17. DECEDENT'S RACE: White (X)

**PARENTS**

18. FATHER'S NAME: James Edwin Denton
19. MOTHER'S NAME PRIOR TO FIRST MARRIAGE: Mary Augusta Miller

20a. INFORMANT'S NAME: Kathy A. Denton
20b. RELATIONSHIP TO DECEDENT: Wife
20c. MAILING ADDRESS: 358 Holly Trail, Dunlap, Tennessee 37327

**DISPOSITION**

21a. METHOD OF DISPOSITION: Burial (X), Removal from State (X)
21b. PLACE OF DISPOSITION: Sylvan Abbey Memorial Park
21c. LOCATION: Clearwater, Florida
22a. SIGNATURE OF FUNERAL DIRECTOR: E. Russell Ford
22b. LICENSE NUMBER: 6856
22c. SIGNATURE OF EMBALMER: Thomas L. Nolan
22d. LICENSE NUMBER: 3611
23a. NAME AND ADDRESS OF FUNERAL HOME: Chattanooga Funeral Home, Crematory & Florist, 5401 Hwy. 153, Hixson, TN 37343
23b. LICENSE NUMBER OF FUNERAL HOME: 414

**REGISTRAR**

24. REGISTRAR'S SIGNATURE: Gabriela Silva DR
25. DATE FILED: November 22, 2016

**CERTIFIER**

26a. PHYSICIAN (X)
27a. SIGNATURE OF CERTIFIER: Gregory Phelps
27b. LICENSE NUMBER: TN-27356
27c. DATE SIGNED: 11-16-16
27d. NAME AND ADDRESS: Dr Gregory Phelps 4411 Oakwood Drive Chattanooga TN 37416

**MEDICAL CERTIFICATION**

28. PART I. IMMEDIATE CAUSE: a. Lung Cancer

PART II. Other significant conditions: DM, HTN, HLD

29a. WAS AN AUTOPSY PERFORMED?: No
29b. WERE AUTOPSY FINDINGS AVAILABLE: —

30. MANNER OF DEATH: Natural (X)
31. DID TOBACCO USE CONTRIBUTE TO DEATH?: No (X)

PH-1659 (Rev. 10/2011)    RDA 1399

---

08891272

I hereby certify the above to be a true and correct representation of the record or document on file in this department. This certified copy is valid only when printed on security paper showing the red embossed seal of the Tennessee Department of Health. Alteration or erasure voids this certification. Reproduction of this document is prohibited.

Tennessee Code Annotated 68-3-101 et seq., Vital Records Act of 1977

Lori B. Ferranti, PhD, MSN, MBA, RN — State Registrar/Asst. Commissioner
John J. Dreyzehner, MD, MPH, FACOEM — COMMISSIONER

Date Issued: NOV 22

0 8 8 9 1 2 7 2

EXHIBIT C

### CERTIFICATION OF VITAL RECORD

Chattanooga, TN 37403
423-778-8837  Fax: 423-778-9301

Department of Family Medicine
1100 East Third Street
Chattanooga, Tennessee 37403
Tel: (423) 778-2957
Fax: (423) 778-2959

Re: JOHN DENTON (DECEASED)
DOB: ██████ 1950
Phone: (423)949-5280
Address: 358 HOLLY TRL
DUNLAP, TN 37327

To Whom It May Concern,

John Denton was my patient at UT Family Medicine in Chattanooga TN from 2011 until his death in late 2016. He was diagnosed with small cell cancer of the lung on October 1st, 2016.

Prior to his diagnosis, Mr. Denton had been evaluated for a complaint of poor exercise tolerance with multiple tests including an evaluation by a cardiologist. All tests were normal and HE HAD NO DIAGNOSES OF CARDIAC OR PULMONARY DISEASE PRIOR TO HIS OCTOBER 1ST DIAGNOSIS OF LUNG CANCER. Cardiology impression was deconditioning.

Mr. Denton had no significant symptoms of cardiac or pulmonary disease at the time that he obtained his life insurance policy.

If any questions arise concerning this report of Mr. Denton's medical history, please do not hesitate to call me at 423-778-9328.

Sincerely,

*Paul Dassow*

Paul L Dassow MD, MSPH
Associate Professor
Department of Family Medicine
University of Tennessee College of Medicine

EXHIBIT D